UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILE

CIVIL ACTION NO. 7:17-41 -KKC

MARTIN COUNTY ECONOMIC
DEVELOPMENT AUTHORITY, INC,

                                                                                                   PLAINTIFF,

v.                           **OPINION AND ORDER**

CONE DRIVE OPERATIONS, INC.,
UNIGEAR DAVID BROWN SYSTEMS [CANADA], INC.,
DAVID BROWN GEAR SYSTEMS, LTD and
CLYDE BLOWERS CAPITOL PLC.,                         DEFENDANTS

                               \*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

This matter is before the Court on the defendants' motion to dismiss (DE 14). With their motion, the defendants argue that this matter must be dismissed because the Court does not have personal jurisdiction over them and because the plaintiff, Martin County Economic Development Authority, Inc. ("Martin County"), has failed to state a claim.

At least for purposes of this motion, the defendants do not dispute the facts asserted in Martin County's complaint. They agree that, in early 2011, one of the defendants – Cone Drive Operations, Inc. – approached Martin County about constructing a customized facility on property owned by Martin County for the purpose of manufacturing gear boxes for underground mining and conveyer systems. Cone Drive was a well-known company in the mining industry and, for that reason, Martin County agreed to construct the facility.

Martin County's board members met with representatives of Cone Drive and of another defendant, David Brown Gear Systems, Ltd. ("David Brown UK"), which is an English corporation. According to the complaint, David Brown UK and Cone Drive are both owned by the fourth defendant, Clyde Blowers Capitol, PLC ("Clyde Blowers").

1

Representatives of Cone Drive and David Brown UK made numerous trips to Martin County and conducted extensive negotiations with Martin County about the facility. Eventually, representatives of Cone Drive came to Martin County to participate in the construction and to scout housing within driving distance of the facility. Cone Drive representatives also applied to and met with the Kentucky Cabinet for Economic Development on behalf of Martin County to obtain incentives and support for the project.

On February 14, 2011, David Brown UK sent a signed letter of intent to Martin County. Cone Drive and Martin County then circulated draft leases. At some point Martin County customized the facility to accommodate the defendants' requirements, spending approximately $3 million. On February 17, 2012, a Cone Drive employee e-mailed Martin County to say that the name of the tenant on the final lease should be changed from Cone Drive to David Brown Systems Service and Repair Center, Inc. ("David Brown Kentucky"). On March 21, 2012, David Brown Kentucky and Martin County signed a 15-year lease, requiring David Brown Kentucky to pay $18,996.44 per month. David Brown Kentucky took possession of the facility on that same day.

David Brown Kentucky never experienced the business it anticipated at the Martin County facility. Accordingly, in July 2014, it ceased operations and left the premises. It never paid rent after that.

In October 2014, Martin County filed suit against David Brown Kentucky in Kentucky state court asserting that it owes over $3 million under the lease. In June 2015, however, David Brown Kentucky filed a voluntary Chapter 7 petition in Delaware. Martin County has asserted a claim in that action, which remains pending.

Martin County then brought this action against Cone Drive, David Brown UK, and Clyde Blowers and a fourth company, Unigear David Brown Systems [Canada], Inc. Martin County asserts these four companies are all related and that David Brown Kentucky was simply their "alter ego." (DE 1, Complaint, ¶ 24.) The defendants then removed the action to this Court asserting that this Court has subject-matter jurisdiction over the action pursuant to federal diversity jurisdiction. 28 U.S.C. § 1332(a)(3). The defendants now move to dismiss the action against them, arguing that this Court does not have personal jurisdiction over them and that the plaintiffs have failed to state a claim.

As it must, the Court will first address the issue of personal jurisdiction. None of the defendants is a resident of Kentucky. In determining whether personal jurisdiction exists over these defendants in this diversity case, this Court "must apply the law of the state in which it sits, subject to constitutional limitations." *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir.1994). This means that "[t]he defendant must be amenable to suit under the forum state's long-arm statute and the due process requirements of the Constitution must be met." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (citation omitted).

Whether analyzing personal jurisdiction under the due-process clause or Kentucky's long-arm statute, however, the Court must first determine what claims the plaintiff is asserting. This is because, under both provisions, when the plaintiff asserts that the Court has specific jurisdiction over a defendant as the plaintiff does here, the Court must ascertain whether the claims asserted in the complaint "arise from" the actions that the defendant allegedly directed at the state. *See* KRS § 454.210(2)(a); *Southern Mach. Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

In its prayer for relief, Martin County asks for judgment against the defendants for "breach of the terms of the Lease Agreement." In its complaint, Martin County also alleges that David Brown Kentucky was the "alter ego" of all four named defendants. An alter ego claim, however, is not by itself a cause of action." *In re RCS Engineered Prod. Co., Inc.*, 102 F.3d 223, 226 (6th Cir. 1996). "Rather, it is a doctrine which 'fastens liability on the individual who uses a corporation merely as an instrumentality to conduct his or her own personal business, and such liability arises from fraud or injustice perpetuated not on the corporation but on third persons dealing with the corporation.'" *Id*. (quoting 1 Fletcher Cyclopedia on the Law of Private Corporations § 41.10 at 615 (1990)).

> A claim based on the alter ego theory is not in itself a claim for substantive relief, but rather is procedural. A finding of fact of alter ego, standing alone, creates no cause of action. It merely furnishes a means for a complainant to reach a second corporation or individual upon a cause of action that otherwise would have existed only against the first corporation. An attempt to pierce the corporate veil is a means of imposing liability on an underlying cause of action such as a tort or breach of contract. It has been said that the alter ego doctrine is thus remedial, not defensive, in nature.

1 Fletcher Cyclopedia on the Law of Private Corporations § 41.10 (2017).

Martin County clarifies in its response to the motion to dismiss, "Presently this is a contract case." (DE 19, Response at 19.) Accordingly, the Court construes Martin County's complaint to assert a breach-of-contract claim against the defendants. The Court further construes the complaint to assert that these defendants are directly liable for the breach as alter egos of David Brown Kentucky, which is the entity that actually signed the lease.

Having determined the claims that Martin County is asserting against the defendants, the Court can now analyze whether the defendants are subject to this Court's personal jurisdiction.

The Kentucky Supreme Court has determined that the state's long-arm statute does not allow for personal jurisdiction to the full extent of the due-process clause. *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011). In other words, there may be situations where a defendant has sufficient contacts with the state to satisfy jurisdiction under the due-process clause but the Kentucky statute still does not permit jurisdiction. *Id*. (citing *Banco Ambrosiano, S.P.A. v. Artoc Bank & Trust Ltd.*, 62 N.Y.2d 65, 476 N.Y.S.2d 64, 464 N.E.2d 432, 435 (1984));

Thus, in determining whether this Court may exercise personal jurisdiction over a defendant, the Court will first look to whether jurisdiction is permissible under Kentucky's long-arm statute. Martin County asserts that two provisions of that statute permit this Court to exercise personal jurisdiction over the defendants. (DE 19, Response at 10.) Those provisions provide that a Kentucky court may exercise personal jurisdiction over a person with regards to a claim arising from that person engaging – either directly or through an agent – in the following activity:

    1. Transacting any business in this Commonwealth;

    2. Contracting to supply services or goods in this Commonwealth;

KRS § 454.210(2)(a)(1)-(2).

As an initial matter, it is clear that the named defendant Clyde Blowers Capitol, PLC has not engaged in any of this activity. In their motion to dismiss, the defendants state that there is no company called "Clyde Blowers Capitol, PLC." In response, Martin County has

filed a motion to correct the names in the caption of the complaint by substituting two additional companies –CBC Fund II and CBC Fund III – for Clyde Blowers Capitol, PLC. As all parties agree that Clyde Blowers Capitol, PLC is not a proper defendant in this action, all claims against that party will be dismissed.

As to defendants Unigear, David Brown UK, and Cone Drive, there is no allegation that any of these defendants directly transacted business or contracted to supply goods or services in Kentucky. Again, Martin County asserts only a breach-of-contract claim and the sole parties to the lease were Martin County and David Brown Kentucky. Thus, the Court assumes that Martin County asserts that these three defendants are subject to this Court's personal jurisdiction under the alter-ego theory.

"[F]ederal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008) (quoting *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir.2002)).

Likewise, the Kentucky Supreme Court has recognized that "the alter-ego rule may confer jurisdiction over a corporation under certain circumstances." *Lewis LP Gas, Inc. v. Lambert*, 113 S.W.3d 171, 176 (Ky. 2003), *abrogated on other grounds by Hoskins v. Maricle*, 150 S.W.3d 1 (Ky. 2004). In determining whether defendants should be treated as the alter ego of another entity for purposes of personal jurisdiction, because

this Court is sitting in diversity, it must apply Kentucky law. *Estate of Thomson*, 545 F.3d at 362.

The parties dispute whether Kentucky courts would apply Delaware or Kentucky law in determining whether the defendants have acted as alter egos of David Brown Kentucky. There are, however, no significant differences between the two states on the alter-ego analysis. *See JPMorgan Chase, Nat. Ass'n. v. Golden Ignot, LLP*, No. 3:14CV-00493-JHM, 2015 WL 94145, at *2-3 (W.D. Ky. Jan. 7, 2015).

Under Kentucky law, the alter-ego doctrine applies where: (1) the corporation "is not only influenced by the owners, but . . . there is such unity of ownership and interest that their separateness has ceased;" and (2) recognizing the corporate form "would sanction a fraud or promote injustice." *Inter-Tel Techs., Inc.*, 360 S.W.3d at 161. Likewise, under Delaware law, the doctrine applies where 1) the corporate parent exercises "complete domination and control" over the corporation; and 2) recognizing the corporate structure would "cause fraud or similar injustice." *Yu v. GSM Nation, LLC*, No. CV 12293-VCMR, 2017 WL 2889515, at *3 (Del. Ch. July 7, 2017); *Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P. v. Wood*, 752 A.2d 1175, 1183–84 (Del. Ch. 1999).

The defendants recognize in their reply brief, "Kentucky law requires the plaintiff to establish the same two elements as Delaware law: whether domination of the corporation resulted in a loss of corporate separateness and whether circumstances existed under which continued recognition of the corporation would sanction fraud or promote injustice." (DE 30, Reply at 9.) Because there is no significant conflict between Delaware and Kentucky law, the Court will apply Kentucky law to determine if the

defendants acted as David Brown Kentucky's alter ego for purposes of determining whether the Court has personal jurisdiction over them.

The Sixth Circuit has stated that "veil piercing and alter ego concepts are distinct. The former asks a court to hold A vicariously liable for B's debts, while the latter asserts that A and B are the same entity and therefore liability is direct." *In re Fisher*, 296 F. App'x 494, 506 (6th Cir.2008). Kentucky courts view the alter-ego theory of liability as simply one manner of piercing the corporate veil. *Inter-Tel Techs., Inc. v. Linn Station Properties, LLC*, 360 S.W.3d 152, 161 (Ky. 2012). When Corporation A acts as the alter-ego of Corporation B, Corporation A's assets may be reached to satisfy a judgment against Corporation B.

As to the second element of the alter-ego doctrine, Martin County can allege that recognizing the corporate form of David Brown Kentucky would either permit a fraud or that it would promote an injustice. *Id*. at 161. The complaint cannot be read to assert any fraud that would arise from recognizing the separate corporate existence of David Brown Kentucky. Martin County asserts in the complaint that David Brown Kentucky "was substituted at the last minute" as the lessee by the other defendants so that they could avoid potential liability. (De 1-1, Complaint ¶ 24.) Likewise, in its response to the motion to dismiss, Martin County asserts that the defendants "intentionally misled" it as to "who the tenant would be" and that "substituting David Brown Kentucky, a shell corporation, at the last minute in place of Cone Drive . . . constituted misleading conduct." (DE 19, Response at 18.)

The complaint also asserts, however, that Cone Drive's request for Martin County to change the name of the tenant was made more than a month before the lease was

signed. (DE 1-1, Complaint ¶ 12.) This is not a last-minute substitution made in the hopes that Martin County would not notice. Nor is this a "bait and switch" as Martin County asserts in its response to the motion to dismiss. (DE 19, Response at 1.)

Regarding any possible "injustice" that would arise from recognizing David Brown Kentucky's corporate form, "[n]otable examples" of such injustice include where "a party would be unjustly enriched; [where] a parent corporation that caused a sub's liabilities and its inability to pay for them would escape those liabilities; or an intentional scheme to squirrel assets into a liability-free corporation while heaping liabilities upon an asset-free corporation would be successful." *Inter-Tel Techs., Inc.*, 360 S.W.3d at 164 (quoting *Sea–Land Services, Inc. v. Pepper Source*, 941 F.2d 519, 524 (7th Cir.1991)).

In neither the complaint nor the response to the motion to dismiss does Martin County assert any of these kinds of injustices. The complaint asserts that a little more than two years after the parties entered into the lease, David Brown Kentucky ceased paying the required rent because "the anticipated level of business for the facility never materialized for the defendants." (DE 1-1, Complaint ¶ 15.) While this sufficiently alleges a breach-of-contract claim against David Brown Kentucky, it does not allege an injustice sufficient to justify ignoring David Brown Kentucky's corporate form. In order to satisfy the alter-ego analysis, "the injustice must be some wrong beyond the creditor's mere inability to collect from the corporate debtor." *Id*.

The Court cannot find that Cone Drive, Unigear, or David Brown UK is liable for David Brown Kentucky's activities under the alter-ego doctrine. Because there is no allegation that any of these defendants transacted business or contracted to conduct any

activity in Kentucky, the Court cannot find it has personal jurisdiction over them under Kentucky's long-arm statute.

Further, this Court's exercise of jurisdiction over these defendants would not comport with constitutional due process. The following criteria are used to determine if the court's exercise of personal jurisdiction over a defendant comports with due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Mach. Co.*, 401 F.2d at 381.

"If these criteria are satisfied, jurisdiction is appropriate if maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Tobin v. Astra Pharmaceutical Products, Inc.*, 993 F.2d 528, 543 (6th Cir. 1993) (citations and internal quotation marks omitted).

While it appears that representatives of Cone Drive and David Brown UK may have had communications with and visits to Kentucky while negotiating the lease, the breach-of-contract claim does not arise from those activities. It arises from the actual signing and alleged breach of the lease. None of the defendants signed or breached the lease and, for the reasons stated above, the Court cannot find that any of the defendants is the alter ego of David Brown Kentucky, the actual lessee. Accordingly, the Court's exercise of personal jurisdiction over these defendants does not comport with due process.

For all these reasons, the Court hereby ORDERS as follows:

1) the defendants' motion to dismiss (DE 14) for lack of personal jurisdiction is GRANTED;

2) this action is DISMISSED without prejudice;

3) Martin County's motion (DE 20) to correct the names of certain defendants is DENIED as moot; and

4) judgment will be entered consistent with this opinion.

Dated March 21, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY